No. 91,295

` In the Matter of RONALD DEAN BARTA, *Respondent.*

(89 P.3d 567)

Opinion filed May 14, 2004.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for the petitioner.

*Ronald Dean Barta*, respondent, appeared pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator's office against Ronald Dean Barta, of Salina, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against respondent contained three counts alleging violations of KRPC 1.1 (2003 Kan. Ct. R. Annot. 324) competence; 1.3 (2003 Kan. Ct. R. Annot. 336) diligence and promptness; 1.4 (2003 Kan. Ct. R. Annot. 349) communications; and 1.5 (2003 Kan. Ct. R. Annot. 362) fees. Respondent failed to file an answer within the allotted time, which was due by March 14, 2003. The hearing panel granted several continuances and directed the respondent to forthwith file a written answer to the formal complaint. The respondent filed a written answer on August 8, 2003.

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held on August 27, 2003. After hearing the testimony presented and reviewing the evidence, the panel found by clear and convincing evidence:

"1. Ronald D. Barta (hereinafter 'the Respondent') is an attorney at law, Kansas Attorney Registration No. 05919. His last registration address with the Clerk of the Appellate Courts of Kansas is Salina, Kansas. The Respondent was admitted to the practice of law in the state of Kansas on June 27, 1962. The Respondent's date of birth is March 20, 1937.

"DA8110—Complaint of Georjean Perez

"2. Georjean Perez is a teacher for the Unified School District No. 214 in Ulysses, Kansas. Ms. Perez has held that position since prior to 1992. On March 20, 1992, acting within the scope of her employment and while operating a vehicle

owned by the school district, Ms. Perez was involved in an automobile accident. The vehicle Ms. Perez was driving was struck by a vehicle being driven by Eric W. Clay. The accident occurred in Saline County, Kansas.

"3. Ms. Perez suffered extensive injuries as a result of the accident. Ms. Perez has endured many surgeries. More than eleven years after the accident, Ms. Perez continues to suffer from the injuries she sustained in the accident and continues to incur medical expenses.

"4. Shortly after the accident, Ms. Perez contacted attorney Gary Hathaway for representation. Mr. Hathaway agreed to handle Ms. Perez' workers compensation case. Mr. Hathaway told Ms. Perez that he would refer her personal injury case to Ronald Barta in Salina, Kansas.

"5. The Respondent agreed to file suit and represent Ms. Perez regarding the personal injury claims. The Respondent's fee was contingent on the outcome of the case. However, the Respondent failed to reduce his fee agreement with Ms. Perez to writing. Thereafter, in 1994, the Respondent filed suit in behalf of Ms. Perez against Mr. Clay. Mr. Clay's insurance policy had a limit of $25,000.00. On September 8, 1994, Ms. Perez, on the advice of the Respondent, entered into a partial settlement agreement and release. As a result, Mr. Clay's insurance company paid $25,000.00. However, Ms. Perez' medical expenses exceeded $25,000.00.

"6. The settlement was subject to subrogation by the workers compensation insurance carrier. Between attorney fees and the workers compensation subrogation, Ms. Perez did not receive any of the proceeds from the settlement with Mr. Clay's insurance carrier. The Respondent and Mr. Hathaway shared one-third of the settlement proceeds. Ms. Perez was not provided with a settlement sheet indicating how the $25,000.00 was distributed.

"7. Prior to settling the suit, the Respondent did not provide Ms. Perez' insurance company with the statutory notice required by K.S.A. 40-284(f), regarding Ms. Perez' claim for underinsured motorist coverage. The Respondent testified that he relied on Mr. Hathaway to provide the notice. Curiously, the Respondent was not aware of the requirements of K.S.A. 40-284(f) at that time of the settlement.

"8. K.S.A. 40-284(f) provides that if a tentative agreement to settle for liability limits has been reached with an underinsured tortfeasor, written notice must be given by certified mail to the underinsured motorist coverage insurer by its insured. That statute further provides that written notice shall include written documentation of pecuniary losses incurred, including copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

"9. Later, on March 20, 1997, the Respondent filed suit on behalf of Ms. Perez seeking underinsured motorists coverage. On November 17, 1997, the defendants filed motions for summary judgment. It was not until the motions for summary judgment were filed that the Respondent became aware of the requirements of

K.S.A. 40-284(f). Because notice had not been provided as required by K.S.A. 40-284(f), the court granted the defendants' motions for summary judgment.

"10. On December 24, 1998, the Respondent wrote to Mr. Hathaway explaining that the insurance company's motion for summary judgment had been sustained. The Respondent never informed Ms. Perez that the motion for summary judgment had been sustained. Ms. Perez learned that the personal injury case had been dismissed from Mr. Hathaway.

"11. Ms. Perez attempted on several occasions to discuss her underinsured motorist claim with the Respondent by telephone. The Respondent failed to return Ms. Perez' telephone calls. The Respondent failed to provide Ms. Perez with sufficient information regarding her representation.

"12. The Respondent does not have professional liability insurance nor did he have professional liability insurance at the time he represented Ms. Perez."

### "DA8563—Complaint of Raymond Topping

"13. The Respondent agreed to file suit on behalf of Raymond Topping against Park's Construction and Remodeling, Inc., for violating the Kansas Consumer Protection Act. Mr. Topping and the Respondent entered into an oral contingency fee agreement. The fee agreement was never reduced to writing. The Respondent filed suit and obtained a judgment in Saline County, Kansas, in the amount of $7,000.00, plus interest."

### "DA 8626—Complaint of Betty Morrow

"14. On February 23, 2000, Betty Morrow was involved in an automobile accident. As a result of the accident, Ms. Morrow was injured. In November 2002, Ms. Morrow contacted the Respondent to represent her in a suit against the driver of the other automobile. Ms. Morrow and the Respondent entered into an oral contingency fee agreement. The fee agreement was never reduced to writing.

"15. On February 12, 2002, the Respondent's assistant took the petition and filing fee to the Court and left them with the Clerk of the District Court for filing. However, because the filing fee had increased, effective February 1, 2002, the petition was returned to the Respondent by the Clerk. The Respondent was informed that he had submitted insufficient filing fees. Nine days later, on February 21, 2002, a second check was issued in the correct amount. However, the petition and filing fee were not timely taken to the Clerk of the District Court.

"16. On March 4, 2002, seven days after the statute of limitations had run, the petition was filed and the filing fee was paid. Unfortunately, the statute of limitations expired on February 25, 2002, Thereafter on April 18, 2002, the defendant filed a motion to dismiss. The court sustained the motion in July 2002, and Ms. Morrow's case was dismissed because it was untimely.

"Fn. 2 February 23, 2002, two years from the date of the accident was a Saturday. Thus, pursuant to K.S.A. 60-206(a), the Respondent had two additional days to file the petition.

"17. The Respondent failed to return Ms. Morrow's telephone calls. Even though the motion to dismiss was filed on April 18, 2002, the Respondent did not inform Ms. Morrow of the problem until July 2002, when the case was dismissed."

## "Disciplinary Procedure

"18. On February 19, 2003, the Deputy Disciplinary Administrator filed a Formal Complaint in the instant cases. Pursuant to Kan. Sup. Ct. R. 211(b), the Respondent's written Answer to the Formal Complaint was to be filed by March 14, 2003. However, the Respondent failed to file a written answer by March 14, 2003.

"19. A hearing on the formal complaint was scheduled for April 8, 2003. On March 24, 2003, the Respondent filed a written motion to continue the hearing. The Deputy Disciplinary Administrator did not object to the continuance and the motion was granted.

"20. The hearing was rescheduled for June 24, 2003. On June 3, 2003, the Respondent filed a second motion to continue the hearing. The Deputy Disciplinary Administrator objected to the second continuance. In a written order, the Hearing Panel granted the continuance and directed the Respondent to immediately file a written Answer to the Formal Complaint. The Respondent failed to immediately file a written Answer to the Formal Complaint. The Hearing Panel rescheduled the hearing to August 27, 2003.

"21. On August 8, 2003, the Respondent filed a written Answer to the Formal Complaint."

The panel made the following conclusions of law:

## "CONCLUSIONS OF LAW

"1. Based upon the above findings of fact, the Hearing Panel concludes, as a matter of law, that the Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.5, and Kan. Sup. Ct. R. 211(b), as detailed below.

"2. Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' *Id.* The Respondent lacked the necessary legal knowledge when he was unaware of the requirements of K.S.A. 40-284(f). The Hearing Panel concludes, accordingly, that the Respondent's lack of competence in this area of law amounts to a violation of KRPC 1.1.

"3. Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Ms. Perez when he failed to timely provide proper notice to the underinsured motorist carrier. The Respondent failed to provide diligent representation to Ms. Morrow when he failed to timely file the petition in her behalf. Because the Respondent failed to act with reasonable diligence and promptness in representing Ms. Perez and Ms. Morrow, the Hearing Panel concludes that the Respondent violated KRPC 1.3

"4. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' *Id.* The Respondent failed to keep Ms. Perez and Ms. Morrow informed regarding the status of their cases. The Respondent failed to return telephone calls placed by Ms. Perez, the Respondent failed to provide Ms. Perez with adequate information regarding the status of the representation, and the Respondent failed to inform Ms. Morrow that there was a statute of limitations problem with her case. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"5. According to KRPC 1.5(d), certain fee agreements must be reduced to writing.

'A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, and the litigation and other expenses to be deducted from the recovery.'

*Id.* The Respondent entered into a contingent fee agreement with Mr. Topping and Ms. Morrow. However, the Respondent did not reduce the contingent fee agreements to writing. The Hearing Panel concludes that the Respondent violated KRPC 1.5(d).

"6. Kan. Sup. Ct. R. 211(b) [2003 Kan. Ct. R. Annot. 264] provides, in pertinent part:

'The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

*Id.* The Respondent failed to file a written Answer within twenty days following the service of the Formal Complaint and further failed to file a written Answer when directed to do so by the Hearing Panel. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b).

## "RECOMMENDATION

"In making this recommendation for discipline the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter "Standards"). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* The Respondent violated his duty to his clients to provide competent representation, diligent representation, and adequate communication.

"*Mental State.* The Respondent knowingly violated his duty.

"*Injury.* As a direct result of the Respondent's lack of competence and diligence, Ms. Perez and Ms. Morrow lost their causes of action. Ms. Perez and Ms. Morrow suffered significant financial injury as a result of the Respondent's misconduct.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Prior Disciplinary Offenses. The Respondent has been disciplined on six prior occasions.

"1. On July 13, 1988, a Hearing Panel conducted a hearing regarding the Respondent. The Hearing Panel directed that the Respondent be informally admonished for having misused funds. Thereafter, on October 6, 1988, the Respondent was informally admonished.

"2. On September 23, 1993, the Disciplinary Administrator informally admonished the Respondent for having violated MRPC 1.15.

"3. On March 19, 1998, the Disciplinary Administrator informally admonished the Respondent for having violated MRPC 1.1, MRPC 1.3, MRPC 1.4, MRPC 1.15, MRPC 1.16, and MRPC 8.4.

"4. On July 10, 1998, the Kansas Supreme Court suspended the imposition of discipline for two years. In that case, the Court concluded the Respondent violated MRPC 1.5 and MRPC 1.15. *In re Barta*, 265 Kan. 762[, 962 P.2d 532] (1998).

"5. On January 28, 2000, the Kansas Supreme Court extended the Respondent's probation for an additional year, for having violated KRPC 1.3 and KRPC 1.4. *In re Barta*, 268 Kan. 464[, 996 P.2d 317] (2000).

"6. On December 11, 2001, the Disciplinary Administrator informally admonished the Respondent for violating KRPC 1.3.

"Pattern of Misconduct. Included in this case are three complaints. The complaints involve similar misconduct. Additionally, the Respondent has previously been disciplined on six occasions. Some of the previous cases have included violations of the rules violated in this case. Finally, some of the misconduct committed by the Respondent in the cases now pending occurred at a time when the Respondent was on probation. Accordingly, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 1.1., KRPC 1.3, KRPC 1.4, KRPC 1.5, and Kan. Sup. Ct. R. 211(b). As such, the Respondent committed multiple offenses.

"Vulnerability of Victim. As a result of the automobile accident, Ms. Perez suffered serious injuries. Ms. Perez was vulnerable to the Respondent's misconduct. Additionally, Ms. Morrow was likewise a vulnerable victim of the Respondent's misconduct.

"Substantial Experience in the Practice of Law. The Respondent was admitted to the practice of law in the state of Kansas in 1962. At the time the Respondent's misconduct began, the Respondent had been practicing law for more than thirty years. As such, the Hearing Panel concludes that the Respondent has substantial experience in the practice of law.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommen-

dation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"Personal or Emotional Problems if Such Misfortunes have Contributed to Violation of the Model Rules of Professional Conduct. At the time some of the misconduct occurred in this case, the Respondent was responsible for caring for his ailing mother. The time and attention the Respondent spent caring for his mother took his attention away from his practice, and, ultimately, contributed to the Respondent's misconduct in this case.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered Standard 4.42. That standard provides, in pertinent part:

'Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.'

"The Hearing Panel unanimously recommends that Respondent be suspended from the practice of law in the state of Kansas for a period of one year. Additionally, the Hearing Panel recommends that the Respondent undergo a hearing, pursuant to Kan. Sup. Ct. R. 219, prior to being reinstated in the practice of law. At the time of the reinstatement hearing, the Hearing Panel recommends that the Respondent be required to establish that he has made a good faith effort to rectify the consequences of his misconduct."

The respondent filed exceptions to certain findings of fact and conclusions of law in the final hearing report. In addition, he takes exception to the recommended sanction. At oral argument before this court, respondent admitted to the violations as charged and apologized to the court.

The respondent contends the recommended sanction is harsh in the circumstances. He attempts to rationalize why his actions do not warrant his suspension from the practice of law, but we are not convinced. The violations are serious and we find no merit in his contention that suspension is not a proper sanction in this case. We agree with the panel that respondent should be suspended, but conclude that such suspension should be indefinite rather than for 1 year.

We hold that the findings of fact and conclusions of law of the hearing panel are supported by clear and convincing evidence.

IT IS THEREFORE ORDERED that Ronald Dean Barta be and he is hereby indefinitely suspended from the practice of law in the State of Kansas effective the date of this opinion.

IT IS FURTHER ORDERED that Ronald Dean Barta shall comply with Supreme Court Rule 218 (2003 Kan. Ct. R. Annot. 286), and in the event the respondent should seek reinstatement, he shall comply with Supreme Court Rule 219 (2003 Kan. Ct. R. Annot. 296).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that respondent pay the costs of these proceedings.

NUSS, J., not participating.

BRAZIL, S.J., assigned.